IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE CHARLES CHALMERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-36-N-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Defendants Chief David Brown, Lauran Elterman, David Bridges, Charles Hale, Lorrie Colman-Jackson, Steve Brown, and L.C. Carter have filed a Motion to Dismiss Against Individual Defendants or, Alternatively, Motion to Quash Service of Process Pursuant to Rule 12(b)(5). *See* Dkt. No. 12. Plaintiff, who is proceeding *pro se*, filed a response, *see* Dkt. No. 13, and the time for filing a reply has expired. The Motion is now ripe, and the undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On January 6, 2014, Plaintiff Lonnie Charles Chalmers filed this civil rights action against the City of Dallas and seven of its current and former employees. *See* Dkt. No. 3. Because Plaintiff paid the statutory filing fee, summons were issued to him,

and he is responsible for properly serving a copy of the summons and complaint upon each defendant in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(c).

On January 7, 2014, Plaintiff filed a Proof of Service indicating that he served all named Defendants by hand delivering a summons and copy of the complaint to the Dallas City Attorney's Office. *See* Dkt. No. 7. Defendants Chief David Brown, Lauran Elterman, David Bridges, Charles Hale, Lorrie Colman-Jackson, Steve Brown, and L.C. Carter have filed this Fed. R. Civ. P. 12(b)(5) motion to dismiss or, alternatively, to quash service because Plaintiff failed to properly serve the individual defendants with summons under Federal Rule of Civil Procedure 4(e). *See* Dkt. No. 12. Plaintiff responds that he has basically complied with Rule 4's purposes, because the City Attorney's Office has previously represented some of the named parties and will likely serve as counsel for all defendants in this action. *See* Dkt. No. 13.

The undersigned concludes that the motion to quash should be granted.

## Legal Standards

Federal Rule of Civil Procedure 4(e) requires service upon individuals be made in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's home with a person of suitable age and discretion or with an authorized agent. *See* FED. R. CIV. P. 4(e)(1), (2). Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a). *Pro se* status does not excuse a litigant's

-2-

failure to effect service of process. *See Sys. Signs Supplies v. United States Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990).

## Analysis

Plaintiff concedes that he has not served any of the individual defendants under Texas law or by delivering a copy of the summons and complaint to that individual personally or by leaving a copy at his or her house. *See* Dkt. No. 13 at 2. Instead, he contends that service was complete upon serving an attorney at the Dallas City Attorney's Office who usually represents officers in civil rights cases and who has represented Dallas Police Chief David Brown in the past. *See id.* at 1-2.

But an attorney is not considered an authorized agent for service of process absent express or implied authorization. *See United States v. Real Prop. Known as 200 Acres of Land Near Farm to Mkt. Rd. 2686, Starr Cnty., Rio Grand City, Tex. 78582*, No. C-11-368, 2012 WL 6738674, at *3 (S.D. Tex. Nov. 19, 2012) (citing *United States v. Ziegler Bolt and Parts Co.,* 111 F.3d 878, 881 (Fed. Cir. 1997)). The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. *See id.* That is, "service of process is not effectual on an attorney solely by reason of his capacity as [a party's] attorney." *Ransom v. Brennan,* 437 F.2d 513, 518-19 (5th Cir. 1971). And service on an attorney who represented a party in a separate litigation is not effective service. *See Evans v. Louisiana*, 31 F. App'x 154 (table), 2001 WL 1748247, at *1 (5th Cir. 2001) (citing *Fluor Eng'r and Constructors, Inc. v. S. Pac. Transp. Co.,* 753 F.2d 444, 449 n.7 (5th Cir. 1985)).

Here, Plaintiff has produced no evidence showing that the Assistant City

Attorney was an authorized agent to accept service for any of the individual defendants. Accordingly, Plaintiff has not successfully served the individual defendants under Fed. R. Civ. P. 4(c) & (e). Defendants' motion to quash should therefore be granted.

## Recommendation

Defendants' motion to quash [Dkt. No. 12] should be granted. Plaintiff should be provided 30 days to properly serve the individual defendants pursuant to Fed. R. Civ. P. 4(c) & (e) or seek a waiver of service under Fed. R. Civ. P. 4(d). Defendants should be reminded that a defendant who refuses to waive service without good cause will be charged with the costs of service under Fed. R. Civ. P. 4(d)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 19, 2014

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE