IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE CHARLES CHALMERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-36-N-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference.

Defendant City of Dallas ("the City") has filed a Fed. R. Civ. P. 12(b)(6) motion seeking

the dismissal of all claims brought against the City in this civil rights action. *See* Dkt.

No. 14. Plaintiff, who is proceeding *pro se*, filed a response, *see* Dkt. No. 15, the City

filed a reply, *see* Dkt. No. 16, and the motion is now ripe for determination.

**Background**

On January 6, 2014, Plaintiff Lonnie Charles Chalmers filed this civil rights

action against the City of Dallas and seven of its current and former employees. *See*

Dkt. No. 3. Plaintiff generally alleges that his civil rights were violated because he was

required to register as a sex offender based on a 1996 criminal case, despite the fact

that his conviction was set aside after he completed a period of deferred adjudication

probation on March 31, 2000. *See* Dkt. No. 3. He contends that the City is liable for

violations of his Fourth, Thirteenth, and Fourteenth Amendment rights for the period of time between the dismissal of his 1996 indictment and conviction for sexual assault and the December 11, 2013 agreed final judgment whereby Dallas Police Chief David Brown allegedly conceded that Plaintiff had no duty to register based on the status of the vacated conviction.

The City contends that Plaintiff fails to plead facts sufficient to state a plausible claim of municipal liability under Section 1983 and fails to overcome governmental immunity from tort suits under Texas law. *See* Dkt. No. 14.

In his complaint, Plaintiff charges that the City "choose to ignore [his] rights" despite the "crystal clear" import of the Texas statute that sex offender registration is not required for those convicted before 1999 who were sentenced to a term of deferred adjudication probation. *See* Dkt. No. 3 at 10-11. He generally alleges that the City and all other defendants "forced plaintiff to register and only considered Texas law defendants choose to follow." *Id.* at 13. He further blames the City for "arbitrarily" making or interpreting the sex offender registry law. *Id.* at 14-15; *see also id.* at 16-17 ("From March 31, 2000 until December 16, 2013, the City of Dallas ... cause[d] Chalmers to illegal Conditions of Confinement without an[y] legal authority [or] legal justification. On June 20th 2013 Defendants violated Chalmers['] substantive right[s] in that defendants compelled Chalmers to provide a DNA sample or face a criminal charge of failure to register as a sex offender despite being able to determine the entire time of this ordeal Chalmers had no reportable conviction....")

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A municipality may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Dep't of Social Servs. of N.Y.,* 436 U.S. 658, 694 (1978). Such a policy may include "'a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984)). However, "[i]t is well-established that a city is not liable under § 1983 on the theory of respondeat superior." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009). To establish municipal liability under 42 U.S.C. § 1983, plaintiff must prove three elements: "'(1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom.'" *Hampton Co. Nat'l Surety, LLC v. Tunica Cnty.,* 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997).

In certain extreme circumstances, a single act by a municipal employee may form the basis of municipal liability apart from a pattern of unconstitutional activity. *See Bd. of Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997); *see also Bryan v. Brown Cnty., Okla.,* 219 F.3d 450, 459 (5th Cir. 2000). To rely on this exception, a

plaintiff must prove that the "highly predictable" consequence of a failure to train would result in the specific injury suffered and that the failure to train represented the "moving force" behind the constitutional violation. *Bryan,* 219 F.3d at 461.

### Analysis

The City contends that Plaintiff's claims should be dismissed because Plaintiff fails to identify a policymaker, does not plead facts supporting the existence of a custom or policy that led to any constitutional violation, neglects to state a claim for deliberate indifference, and fails to overcome sovereign immunity. The undersigned agrees.

Initially, the complaint does not include any allegations to suggest the identity of a municipal policymaker who created a policy that was the "moving force" behind the alleged constitutional violation. Although Plaintiff generally alleges in his complaint that the City is responsible – along with Chief David Brown and six Dallas Police Department Officers – for violating his constitutional rights, he does not "identify a policymaker" as required by *Monell. See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). "Such a failure is fatal in the Fifth Circuit." *LaGatta v. Harris Cnty.*, No. H-08-3189, 2009 WL 2761646, at *4 (S.D. Tex. Aug. 26, 2009) (citing *Webster*, 735 F.2d at 842).

That Plaintiff now identifies Chief Brown as the policymaker in his response to the motion to dismiss, *see* Dkt. No. 15 at 4-5, does not alone rectify his pleading failure. "The court agrees with the City's contention that the plaintiff[']s failure to plead specific facts on this element of a § 1983 claim renders the plaintiff[']s complaint

defective.... [T]here is abundant case law in this circuit that a plaintiff must identify a policymaker in a § 1983 action against a municipality." *Pivonka v. Collins*, No. 3:02-cv-742-G, 2002 WL 1477455, at *4 (N.D. Tex. July 5, 2002); *see also Piotrowski*, 237 F.3d at 579 (noting that identifying a municipal policymaker who could be held responsible under § 1983 "is not an opaque requirement").

Similarly, Plaintiff fails to identify any policy or custom that led to the constitutional violations alleged in his complaint. To the extent that Plaintiff cites any policy or custom, he contends that Defendants Elterman, Bridges, Hale, and Colman-Jackson "all followed the same custom, practice of requiring Chalmers to register despite his constant attempts to show the officer[]s the order of Judge Frances." Dkt. No. 3 at 5. This conclusory assertion does not allege an official policy or custom of the City of Dallas that led to the constitutional violations at issue in this lawsuit.

Moreover, Plaintiff seems to indicate that he was treated differently than other, similarly-situated individuals who were sentenced to deferred adjudication probation and had their indictments dismissed prior to 1999. *See id.* at 13-14. Plaintiff states that "[t]here are numerous more examples of Convicted Sex Offenders having their Indictments dismissed by Texas Criminal Court Judges and therefore no further registration was required by process of the former law." *Id.* at 14.

As Judge Sam Lindsay has explained,

[r]equiring a plaintiff to identify the specific policy or custom and allege that the policy or custom adopted by the municipality or policymaking official was the "moving force" behind the constitutional violation is in no way inconsistent with notice pleading or the mandate of *Leatherman*. Such requirement actually complements Rule 8 in that it puts a

> defendant on notice of the grounds on which a plaintiff's claim rests. In
> other words, the allegations of a complaint must not be conclusory;
> otherwise, a defendant is not placed on notice of the grounds for the
> claim. Conclusory allegations cannot survive a motion to dismiss.

*Henrise v. Horvath*, 174 F. Supp. 2d 493, 502 (N.D. Tex. 2001) (citing *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992)). Without any factual allegations in his complaint to suggest an official policy or custom to support municipal liability, Plaintiff has failed to state a claim for relief.

To the extent that Plaintiff seeks to hold the City liable for the officers' conduct based upon a theory of deliberate indifference, he has also failed to state claim for relief. To establish the City's liability under a failure to train theory, Plaintiff must show: (1) inadequate training procedures; (2) inadequate training caused the constitutional violation; and (3) the deliberate indifference of municipal policymakers. *See Pineda v. City of Houston,* 291 F.3d 325, 331-32 (5th Cir. 2002). "[T]he focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform. The inadequacy of the training must be closely related to the injury." *Id.* at 332 (citations and internal quotation marks omitted). Here, Plaintiff does not allege facts that would allow the Court to infer that the "highly predictable" consequence of a failure to train would result in the specific injury suffered and that the failure to train represented the "moving force" behind the alleged constitutional violation. *Brown,* 219 F.3d at 461. Accordingly, he has not stated a claim for relief.

Finally, the City seeks dismissal of any claims brought under Texas law, since a municipality enjoys immunity for intentional torts under state statute. *See* Dkt. No.

14 at 17; Dkt. No. 16 at 4-5. It does not appear to the undersigned that Plaintiff has asserted any claims under Texas law, and he indicates in his response brief only that he "has filed suit under 42 U.S.C. § 1983." Dkt. No. 15 at 6. To the extent that Plaintiff's complaint can be read to assert tort claims under Texas law, they are indeed barred by immunity. Municipal governments are immune from tort suits except to the extent immunity has been waived by the Texas Tort Claims Act ("TTCA"). *Muhammad v. Newell*, No. 3:08-cv-1426-BD, 2009 WL 2482142, at *3 (N.D. Tex. Aug. 12, 2009) (citing *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 122 (Tex. App.– Houston [1st Dist.] 1995, no writ)). Although the TTCA waives immunity in certain limited circumstances, *see* TEX. CIV. PRAC. & REM. CODE § 101.021, the waiver does not extend to claims "arising out of assault, battery, false imprisonment, or any other intentional tort," *id.* at § 101.057(2). Liberally construed, Plaintiff's complaint may allege state law claims that he was subjected to "illegal conditions of confinement," "emotional distress," "invasion of privacy," and "libel and slander." *See* Dkt. No. 3 at 4. These are all intentional torts that would be barred by sovereign immunity.

## Recommendation

The Court should grant the City's motion to dismiss [Dkt. No. 14] without prejudice. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint addressing the deficiencies identified in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and should order that, if Plaintiff fails to do so, the claims against the City will be dismissed with prejudice

without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Assen*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE