IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE CHARLES CHALMERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-36-N-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Defendants' Motion for Summary Judgment Based on Qualified Immunity and Res Judicata [Dkt. No. 42]. Defendants' motion for summary judgment [Dkt. No. 42] should be granted.

**Background**

This is at least the fourth civil rights complaint filed in this Court by Plaintiff Lonnie Charles Chalmers based on the sex offender registration requirements imposed on him due to his 1996 conviction for sexual assault. As Magistrate Judge William F. Sanderson explained in 2002,

> On September 27, 1996, Plaintiff pled guilty to the offense of sexual assault in Criminal District Court No. 3, Dallas County, Texas, Cause No. F96-75174-J. (Complaint at 6 and Plaintiff's Supplemental brief filed on August 24, 2001, at 1). The court sentenced him to ten years

-1-

imprisonment in the Texas Department of Criminal Justice, Institutional Division, but suspended imposition of the prison sentence and placed him on probation with community supervision for a term of five years and a fine of $1,000. (Complaint at 6). At the time of his conviction, Plaintiff was notified that as of October 10, 1996, he had a duty to register as a sex offender under Texas Civil Statutes art. 6252-13c.1. (Complaint at 6 and Exh. 1). On March 31, 2000, the trial court granted Plaintiff early release from community supervision pursuant to Texas Code of Criminal Procedure art. 42.12 § 20 (West 1996). (Complaint at 6). The order discharging Plaintiff from community supervision read in part as follows:

> The indictment or information is dismissed, and the defendant is released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted, except as provided in Article 42.12, section 20, Texas Code of Criminal Procedure.

(Exh. E to Plaintiff's Supplemental Brief filed on August 24, 2001).

Plaintiff has filed a prior civil rights action in this court. *See Chalmers v. Carter,* 3:00-cv-936-P (N.D. Tex., Dallas Div.). In that action, Plaintiff challenged the requirement that he register as a sex offender and contended that he was entitled to the benefits of Texas Code of Criminal Procedure art. 42.12, § 20. He named as Defendants L.C. Carter, the same Dallas Police officer named in this action, and Pam Tanner, a deputy clerk in the Office of the District Clerk for Dallas County, Texas. On January 16, 2001, Magistrate Judge Jane Boyle recommended that the District Court abstain from exercising federal jurisdiction over this action so that Plaintiff could purse his claims in state court. On January 23, 2001, the District Court adopted the recommendation of the magistrate judge and dismissed Plaintiff's complaint without prejudice to his raising any remaining federal claim, if desired, in a federal forum after the Texas courts had been given an opportunity to address the state law issues raised. Chalmers did not appeal the judgment.

Thereafter Plaintiff filed an application for writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.22. (*See* Exh. A to Plaintiff's Objection to Defendants' motions to dismiss, filed on May 10, 2001). On June 27, 2001, the Texas Court of Criminal Appeals denied without written order his motion for leave to file an application for writ of habeas corpus. (*See* Exh. A to Plaintiff's Supplemental Brief, filed on August 24, 2001).

*Chalmers v. Gavin*, No. 3:01-cv-528-H, 2002 WL 511512, at *2-*3 (N.D. Tex, Apr. 2, 2002).

In the case before Magistrate Judge Sanderson and United States District Judge Barefoot Sanders, Plaintiff initially raised an *ex post facto* claim, alleging that the sex offender registration requirements violated his constitutional rights, and later withdrew that claim and sought to raise the civil rights claims previously alleged in Cause No. 3:00-cv-936-P against Texas Department of Public Safety employee David Gavin and Dallas Police Officer L.C. Carter, who is a defendant in this case. *See id.* at *3. The Court found that res judicata did not bar the claims, because they had previously been dismissed without prejudice. *Id.* However, the Court found that Plaintiff failed to allege any constitutional violations as a result of the sex offender registration requirements. *Id.* at *3-*5. Judge Sanders held that the law in effect at the time of Plaintiff's conviction required him to register as a sex offender, the statute did not create an exception for individuals who have successfully completed their probation, such registration requirements do not violate the Constitution, and the sex offender registration requirement applied notwithstanding the March 31, 2000 order dismissing Plaintiff's indictment. *See id.* at *3-*6. Accordingly, the defendants' motion to dismiss was granted. *Id.* at *7.

Plaintiff then filed a third civil rights complaint against Gavin and the Texas Department of Public Safety, alleging that the inclusion of his sexual assault conviction in the Texas Department of Public Safety's criminal history report violated his civil rights and again challenging the ongoing sex offender registration requirements on the

basis that although he was required to register as a sex offender, his civil rights were violated when his address was made public. *See Chalmers v. Gavin*, No. 3:02-cv-2534-M, 2003 WL 22955915 (N.D. Tex. Dec. 4, 2003), *aff'd*, 100 F. App'x 986 (5th Cir. 2004). That lawsuit was dismissed for failure to state a claim. *Id.*

Plaintiff then pursued his claims in Texas state court. On November 17, 2010, he filed a *pro se* lawsuit against the Dallas Police Department and Dallas Police Chief David Brown, again alleging that the inclusion of his name in the sex offender registry and the continuing registration requirements violated his state and federal constitutional rights. *See* Dkt. No. 44-1 at 19-22. In this lawsuit, he also alleged wrongdoing by Defendants Lauran Elterman, David Bridges, Charles Hale, Lorrie Colman-Jackson, and L.C. Carter. *Id.* Following a bench trial, the state district court entered a take-nothing judgment in favor of the defendants. *Id.* at 24. Plaintiff appealed that judgment, *see id.* at 26-27, and while the case was on appeal, the parties entered into an agreed final judgment in favor of Plaintiff on December 11, 2013. *Id.* at 28-29. That judgment decrees that the sex offender registration requirements do not apply to Plaintiff, he has no duty to register as a sex offender, his name shall be removed from the Dallas Police Department database, and the judgment will be provided to the Texas Department of Public Safety. *Id.*

On January 6, 2014, Plaintiff filed this civil rights action against the City of Dallas and seven of its current and former employees. *See* Dkt. No. 3. Plaintiff again alleges that his civil rights were violated because he was required to register as a sex offender based on a 1996 criminal case, despite the fact that his conviction was set

aside after he completed a period of deferred adjudication probation on March 31, 2000. *See* Dkt. No. 3. He contends that the City is liable for violations of his Fourth, Thirteenth, and Fourteenth Amendment rights for the period of time between the dismissal of his 1996 indictment and conviction for sexual assault and the December 11, 2013 agreed final judgment whereby Dallas Police Chief David Brown conceded that Plaintiff had no duty to register based on the status of the vacated conviction.

In his complaint, Plaintiff charges that the City "choose to ignore [his] rights" despite the "crystal clear" import of the Texas statute that sex offender registration is not required for those convicted before 1999 who were sentenced to a term of deferred adjudication probation. *See* Dkt. No. 3 at 10-11. He generally alleges that the City and all other defendants "forced plaintiff to register and only considered Texas law defendants choose to follow." *Id.* at 13. He further blames the City for "arbitrarily" making or interpreting the sex offender registry law. *Id.* at 14-15; *see also id.* at 16-17 ("From March 31, 2000 until December 16, 2013, the City of Dallas ... cause[d] Chalmers to illegal Conditions of Confinement without an[y] legal authority [or] legal justification. On June 20th 2013 Defendants violated Chalmers['] substantive right[s] in that defendants compelled Chalmers to provide a DNA sample or face a criminal charge of failure to register as a sex offender despite being able to determine the entire time of this ordeal Chalmers had no reportable conviction...."). By this lawsuit, Plaintiff seeks $3 million in actual damages and $6 million in exemplary damages. *See* Dkt. No. 3 at 9.

All Defendants move for summary judgment on the basis of res judicata and

qualified immunity. *See* Dkt. No. 42. After the Court ordered limited discovery on the issue of qualified immunity, *see* Dkt. No. 49, Plaintiff filed responses to Defendants' motion, *see* Dkt. Nos. 50 & 52, and Defendants submitted a reply brief, *see* Dkt. No. 55.

## Legal Standards

Summary Judgment Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the

-6-

light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a]

failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

<u>Qualified Immunity</u>

Defendants move for summary judgment on their qualified immunity defense. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Winston v. City of Shreveport,* 390 F. App'x 379, 383, 2010 WL 3190709, at *3 (5th Cir. Aug. 12, 2010) (quoting

*Pearson v. Callahan,* 555 U.S. 223, 231 (2009)); *see also Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court has established a two-step analysis to determine whether government officials are entitled to qualified immunity. First, the court must decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736 (2002); *see also Kinney v. Weaver,* 367 F.3d 337, 356 (5th Cir. 2004). Second, the court must ask "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 555 U.S. at 232. A right is clearly established only if its contours are sufficiently clear that "'a reasonable official would understand that what he is doing violates that right.'" *Carroll v. Carman,* 135 S. Ct. 348, 350 (2014) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). In other words, "'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *Ashcroft v. al-Kidd,* 131 S. Ct. 2074, 2083 (2011)). This doctrine "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Valley v. Briggs,* 475 U.S. 335, 341 (1986)).

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). This burden applies both at trial and on summary judgment. *See id.*; *see also Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law. *See Michalik v. Hermann,* 422 F.3d

252, 262 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, the plaintiff cannot rest on conclusory allegations or assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the defendant's conduct. *See id.*

Res Judicata

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id., see also Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the United States Court of Appeals for the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters,* 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 313 (5th Cir. 2004). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 131 (1979).

## Analysis

Res Judicata

It is clear from the summary judgment record and a review of the Court's records that the parties to both actions are in privity, Plaintiff's allegations in this action are based on the same nucleus of operative facts that were raised and denied on the merits by this Court in *Chalmers v. Gavin*, No. 3:01-cv-528-H and raised in Texas state court in *Chalmers v. City of Dallas Police Department* and disposed of entirely by an Agreed Final Judgment. The record also confirms that those prior actions resulted in final judgments on the merits rendered by courts of competent jurisdiction.

Privity exists between the current Defendants and those named in Plaintiff's prior lawsuits. For purposes of res judicata, privity is simply the "legal conclusion that the relationship between the [parties are] sufficiently close to afford application of the principle of preclusion." *Vasquez v. Bridgestone/Firestone, Inc.,* 325 F.3d 665, 677 (5th Cir. 2003). Parties are considered to be in privity when they share an identity of interests in the "basic legal right that is the subject of litigation." *In re Erlewine,* 349

F.3d 205, 210 (5th Cir. 2003).

In his 2001 lawsuit, Plaintiff named as Defendants David Gavin, an employee of the Texas Department of Public Safety, and L.C. Carter, a Dallas Police Officer also named in this action. *See Chalmers v. Gavin*, 2002 WL 511512, at *1. In his 2010 state lawsuit, Plaintiff named Dallas Police Chief David Brown, also named in this case. *See* Dkt. No. 44-1 at 19. All are in privity with Defendants in this case. Defendants who are members of the same government agency are generally treated as being in privity for purposes of being able to assert a res judicata defense. *See Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980) (res judicata dismissal of second suit that added IRS commissioner as defendant affirmed because there was "privity between officers of the same government" so that judgment in favor of IRS agents in first suit barred re-litigation); *McCoy v. Blossom*, No. 09-cv-2146, 2014 WL 1120346 (W.D. La. Mar. 20, 2014) (finding res judicata where newly-named defendants were correctional officers at the same jail as those named in previous lawsuit). Courts have also considered municipal entities to be in privity with the policymakers and employees for whose actions a plaintiff seeks to hold the municipality responsible. *See, e.g.*, *Tansey v. McGrail,* No. 4:12-cv-550-A, 2013 WL 857374, at *7 (N.D. Tex. Mar. 7, 2013) (finding privity between the City of Keller, its mayor, and an individual alleged to be an agent of the City); *Chavers v. Hall,* No. H-10-3922, 2011 WL 2457943, at *4 (S.D. Tex. June 16, 2011) (finding privity between City of Bryan, its Chief of Police, and a police officer); *Anderson v. City of Dallas*, No. 3:02-cv-1303-N, 2004 WL 912564, at *4 (N.D. Tex. Apr. 28, 2004) (Godbey, J.) (finding privity between the City of Dallas and two of

its employees whose conduct formed part of the basis under which Plaintiff sought to hold the City responsible in a prior lawsuit). In this case, all of the individual Defendants are Dallas Police Officers and, accordingly, are employees of the City of Dallas. All such Defendants share an identity of interests and are in privity with those defendants named in Plaintiff's prior lawsuits.

In Plaintiff's prior cases, and in the case at hand, Plaintiff alleged that his constitutional rights were violated because he was required to register as a sex offender even though he successfully completed his probation and his indictment was dismissed. *See Chalmers v. Gavin,* 2002 WL 511512, at *6; Dkt. No. 44-1 at 19-22; Dkt. No. 3 at 3-6. His claims here clearly arise from the same nucleus of operative fact as those raised before in courts of competent jurisdiction that have already issued final judgments. In effect, a finding that Plaintiff's civil rights were violated by Defendants would require the Court to hold that the prior judgment by Judge Sanders was in error and would invalidate the Agreed Final Judgment which "disposes of all parties and all issues." Dkt. No. 44-1 at 29. The doctrine of res judicata exists to avoid such a result. *See Test Masters,* 428 F.3d at 571.

Plaintiff urges that res judicata does not apply. *See* Dkt. No. 50. He states that this proceeding seeks monetary damages for the 13 years in which he was improperly required to register as a sex offender and is based on "Chief David Brown's judicial declaration that plaintiff's substance due process rights under Article I § 19 were in fact violated." *Id.* at 4. He contends that his claims for monetary damages for such conduct have never been addressed in any court of law. *See id.* at 5.

The Court cannot accept Plaintiff's position. In *Chalmers v. Gavin*, Plaintiff sought injunctive relief and monetary damages in the amount of $250,000 for the allegedly improper sex offender registration requirements. *See Chalmers v. Gavin*, No. 3:01-cv-528-H, Dkt. No. 1 at 8. That lawsuit was dismissed with prejudice on the merits on April 2, 2002. *See Chalmers v. Gavin*, 2002 WL 511512, at *1. Regardless, res judicata does not require that a plaintiff seek the same remedy in both actions – it only requires that the conduct alleges arises from the same transaction.

To the extent that Plaintiff urges that the prior determination of this Court was incorrect due to the City's stipulations in the Agreed Final Judgment, *see generally* Dkt. No. 3 at 6-7 (arguing that the Agreed Final Judgment is a "voluntary confession of substantive rights violations") & Dkt. No. 50 at 4, that changed circumstance is insufficient to overcome the bar of res judicata. The Fifth Circuit has explained:

> This principle "that controversies once decided shall remain in repose," known as res judicata, "does not depend upon whether or not the prior judgment was right." *Iselin v. Meng,* 307 F.2d 455, 457 (5th Cir. 1962) (quoting *Rubens v. Ellis,* 202 F.2d 415, 418 (5th Cir.1953)); *see Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) ("[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."); *Procter & Gamble Co. v. Amway Corp.,* 376 F.3d 496, 500 (5th Cir. 2004) ( "[E]ven an incorrect judgment is entitled to res judicata effect."). The "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." *Moitie,* 452 U.S. at 398-99 (quoting *Reed v. Allen,* 286 U.S. 191, 201 (1932)).

*Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013). Here, this Court has previously determined that Plaintiff failed to state a claim on which relief can be

granted when he alleged that his civil rights were violated by the imposition of sex offender registration requirements despite the dismissal of his indictment under Article 42.12 § 20 of the Texas Code of Criminal Procedure. That the City of Dallas later agreed that the registration requirements do not apply to Plaintiff does not make this Court's judgment any less final or permit reconsideration of that 2002 decision.

The undersigned notes that Defendants argue res judicata based on Plaintiff's 2000 civil rights lawsuit before Judge Jorge A. Solis. *See* Dkt. No. 43 at 15-17. Judge Sanders found that the 2000 case did not have preclusive effect because Plaintiff's claims were dismissed without prejudice. *See Chalmers v. Gavin*, 2002 WL 511512, at *3. But the same claims were revisited and dismissed with prejudice in 2002. *See id.* at *7. Although Defendants failed to specifically cite to the federal cases filed by Plaintiff since 2000 in urging res judicata, they have raised sufficiently raised the defense and, in any event, the Court may raise res judicata *sua sponte* in cases where the actions were brought before the same court. *See Boone*, 617 F.2d at 436.

Viewing the allegations and summary judgment evidence most favorably to Plaintiff, the summary judgment establishes that Plaintiff's claims are barred by res judicata. Accordingly, they should be dismissed in their entirety.

<u>Qualified Immunity</u>

Whether or not res judicata applies, the individual Defendants have established that they are entitled to qualified immunity, and Plaintiff has failed to rebut the defense by establishing that their allegedly wrongful conduct violated clearly established law. Here, Plaintiff urges that the individual Defendants – Chief David

Brown, Lauran Elterman, David Bridges, Charles Hale, Lorrie Colman-Jackson, Steve Brown, and L.C. Carter – violated his constitutional rights by requiring him to register as a sex offender despite the fact that his conviction was set aside under Article 42.12, section 20 of the Texas Code of Criminal Procedure. This, in turn, allegedly violated clearly established rights of which a reasonable person would have known.

The undersigned disagrees. As noted above, qualified immunity provides that an officer may make reasonable but mistaken judgments, and protects all but the "plainly incompetent or those who knowingly violate the law." *Carroll*, 135 S. Ct. at 350. Here, the individual Defendants reasonably believed that Plaintiff was required to register as a sex offender due to his conviction for sexual assault notwithstanding the successful completion of deferred adjudication probation. That belief is particularly reasonable because Plaintiff has brought his claims before a number of federal and state judges and none of them have held that the Defendants' conduct violated the Constitution or was otherwise improper. Quite the contrary, his claims challenging sex offender registration have been rejected numerous times.

That is, Judges Boyle and Solis abstained from determining whether he was required to register as a sex offender because this was an open question of state law. *See* Dkt. No. 44-1 at 5-18. The Texas Court of Criminal Appeals denied without written order his motion for leave to file an application for writ of habeas corpus on this basis. *See Ex parte Chalmers*, WR-35,203-04 (Tex. Crim. App. June 27, 2001). Judges Sanderson and Sanders then denied these claims on the merits, holding that "even though Plaintiff successfully completed his probation and his indictment was

-16-

dismissed, he is required to register as a sex offender based on the fact that he was convicted of sexual assault – a 'reportable conviction.'" *Chalmers v. Gavin*, 2002 WL 511512, at *6. Judges Stickney and Lynn then dismissed another action brought based on the theory that Plaintiff was not required to register as a sex offender. *See Chalmers v. Gavin,* 2003 WL 22955915, at *1-*3. That ruling was affirmed by three judges of the United States Court of Appeals for the Fifth Circuit, who also rejected Plaintiff's attempt to resurrect the civil rights claims conclusively determined by Judge Sanders. *See Chalmers v. Gavin*, 100 F. App'x at 987. More recently, Texas District Judge Gena Slaugter rejected Plaintiff's claims that his name must be removed from the public database of convicted sex offenders. *See* Dkt. No. 44-1 at 24. It was only after Judge Slaughter entered an Agreed Final Judgment that Plaintiff's name was ordered removed from the database. *See id.* at 28-29.

Numerous state and federal judges have held that Plaintiff was required to register as a sex offender under Texas law. Defendants were not unreasonable in concluding the same. Accordingly, they are entitled to qualified immunity.

**Recommendation**

Defendants' Motion for Summary Judgment Based on Qualified Immunity and Res Judicata [Dkt. No. 42] should be granted. Plaintiff's lawsuit should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

-17-

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 20, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE